IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN RYAN, #312308           *
      Plaintiff,
   v.                        * CIVIL ACTION NO. RDB-06-912

WARDEN STOUFFER             *
DIVISION OF CORRECTIONS
      Defendants.           *
                            ***

## MEMORANDUM OPINION

I.    Procedural History

In this 42 U.S.C. § 1983 civil rights complaint for damages, John Ryan ("Plaintiff") claims that on April 6, 2003, he suffered a left knee injury when a prison bus in which he was a passenger had an accident while traveling back to the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland.[1] (Paper No. 1). He alleges that when he complained of pain and injury from the accident, the only action taken was to photograph him in a chair. (*Id*.). Plaintiff states that although he has seen a physician, psychologist, and nurses, he remains in pain and has been denied magnetic resonance imaging ("MRI") testing to determine if he has soft tissue damage. (*Id*.). He has named the former Warden of MCTC and the Division of Correction ("DOC") as Defendants.[2]

On August 14, 2006, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which remains unopposed as of the within signature date. (Paper No. 10). The

---

[1] Plaintiff claims that he was slammed into the back of the seat in front of him and because he was handcuffed and could not brace himself. (Paper No. 1).

[2] Attached to the Complaint is an administrative remedy filed by Plaintiff in November of 2005, wherein he complains of DOC negligence for not having seat belts on the bus. (Paper No. 1 at Attachments). The remedy also alleges that medical staff failed to provide him "meaningful treatment" for his injury and that prison staff had allowed medical personnel to deny him MRI testing. (*Id*.).

case is ready for this Court's consideration. Oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004).

II.     Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Defendants argue under Rule 12(b) that the Complaint is subject to dismissal due to the failure to exhaust administrative remedies.[3] The Court observes that 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his medical claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that Defendants have forfeited their right to raise non-exhaustion as a

---

[3] Defendants also assert that the DOC is not subject to suit in the federal court. Neither the State nor an arm of the State is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). The DOC is a state agency operating under the umbrella of the Maryland Department of Safety and Correctional Services. *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(f), 2-101 & 3-201. It thus is not subject to liability under § 1983. The DOC's Motion to Dismiss shall be granted.

defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam).[4]

Defendants further claim that Plaintiff has failed to allege facts which make out a claim of deliberate indifference to a serious medical need. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a prisoner must demonstrate that prison staff's actions (or inactions) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

---

[4] Under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d 523 at 529 (emphasis added).

4

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter....becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.

Plaintiff has sued former MCTC Warden Stouffer. Section 1983 liability on the part of Stouffer requires a showing that he: (1) failed promptly to provide Plaintiff with needed medical care; (2) deliberately interfered with the medical staff's performance; or (3) tacitly authorized or was indifferent to constitutional violations on the part of medical personnel. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990).

III.   Analysis

The following uncontroverted factual background is presented by Defendants. On or about April 5, 2003, Plaintiff was being transported by a DOC bus when it was involved in an accident. Plaintiff claimed that his left knee struck the seat in front of him and he was injured. Since the accident Plaintiff has frequently complained of pain in the left knee and has been examined by medical personnel at MCTC and received x-rays. (Paper No. 10, Ex. 1). The examinations and x-rays have revealed no evidence of injury to or degenerative disease in the knee. (*Id.*).

5

On November 11, 2005, some thirty months after the accident, Plaintiff filed a request for an administrative remedy complaining that he had not been provided an MRI. (*Id*., Ex. 2). His remedy was investigated by MCTC personnel and, on November 28, 2005, dismissed by former Warden Stouffer. (*Id*.). Plaintiff did not appeal Stouffer's dismissal of his remedy to the Commissioner of the DOC. (*Id*., Ex. 3). Further, there is no record that he filed a grievance with the Inmate Grievance Office regarding medical care for his knee. (*Id*., Ex. 4).

Because Plaintiff did not appeal his remedy beyond the institution level, it would appear that his claims against Stouffer are subject to dismissal for the failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). The Court's inquiry, however, does not end there.

Undoubtedly, Plaintiff was involved in a bus accident three years to the date this Complaint was filed. He has, however, been examined for his subjective complaints of pain and no swelling or decreased range of motion ("ROM") was noted. Non-steroidal anti-infammatory medication (Naprosyn) and Motrin was prescribed. X-rays revealed no dislocation, fracture, or degenerative joint disease. (*Id*., Ex. 1).

Plaintiff's Complaint seeks to inculpate Stouffer in the denial of medical care based upon the dismissal of Plaintiff's November, 2005 remedy. Upon receipt of the remedy, Plaintiff's medical chart was reviewed by Nurse Manager Linda Tritsch and a memorandum was provided to the MCTC remedy coordinator. (*Id*., Ex. 2). Based upon this investigation, Stouffer concluded that Plaintiff's claim of needing an MRI for his knee was not supported by the medical department. (*Id*.). This finding was founded upon memorandum and record which indicated that: (1) Plaintiff had been seen and evaluated multiple times by medical staff for his complaints of knee pain; (2) documentation reflected no visible injury, effusion, redness, or reduced ROM to the knee; (3) Plaintiff had failed

to follow instructions to take bed rest and to use ace wraps and crutches; and (4) x-rays of the knee taken in May of 2005, reflected no fracture, dislocation, or degenerative joint disease.

Stouffer's decision entails an accurate overview of the record of care provided to Plaintiff. He is entitled to rely on the medical judgment and assessment of MCTC healthcare staff with regard to the MRI. Plaintiff has failed to demonstrate that Stouffer was deliberately indifferent to Plaintiff's healthcare concerns or that prison medical staff failed to provide Plaintiff constitutionally adequate care.

IV.   Conclusion

For the aforementioned reasons, Defendant Division of Correction's Motion to Dismiss is hereby granted. Defendant Stouffer's Motion to Dismiss or for Summary Judgment, treated as a Motion for Summary Judgment, is hereby granted. Judgment is entered in favor of Defendant Stouffer and against Plaintiff. A separate Order follows.


Date: September 15, 2006          /s/
                                  RICHARD D. BENNETT
                                  UNITED STATES DISTRICT JUDGE